# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-0667V

| | |
|---|---|
| CARISSA PHOTOPOULOS, Personal Representative of ESTATE OF STEVEN WEDEKIND,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 28, 2024 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On May 5, 2023, Carissa Photopoulos, Personal Representative of the Estate of Steven Wedekind, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Wedekind suffered Guillain-Barré syndrome ("GBS"), and subsequently death, resulting from an influenza ("flu") vaccine Mr. Wedekind received on October 9, 2021. Petition at 1; Stipulation, filed June 28, 2024, at ¶¶ 2-4. Petitioner further alleges that Mr. Wedekind's flu vaccine was administered in the United States, Mr. Wedekind developed GBS within the time period set forth in the Table following receipt of the flu vaccine and passed away due in part to complications from GBS, there is not a preponderance of evidence demonstrating that decedent's GBS was due to a factor

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

unrelated to vaccination, and neither Petitioner, nor any other party, has ever filed any action or received compensation in the form of an award or settlement for Mr. Wedekind's vaccine-related injury and/or death. Petition at ¶¶ 1, 5-7; Ex. 7; Stipulation at ¶¶ 3-6.

On June 28, 2024, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $373,371.11 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

CARISSA PHOTOPOULOS, Personal
Representative of the Estate of STEVEN
WEDEKIND,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 23-667V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Carissa Photopoulos ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"), as personal representative of the estate of Steven Wedekind ("decedent"). The petition seeks compensation for injuries allegedly related to decedent's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Decedent received the flu vaccine on October 9, 2021.[1]

3. The vaccine was administered within the United States.

---

[1] On October 27, 2021, petitioner received a COVID-19 booster vaccine. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. See 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). See 85 Fed. Reg. 15198, 15202 (March 17, 2020).

4. Decedent developed Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table following receipt of the flu vaccine and passed away due in part to complications from GBS.

5. There is not a preponderance of evidence demonstrating that decedent's GBS was due to a factor unrelated to vaccination.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of decedent's GBS and/or death.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for decedent's GBS Table injury, resulting in death.  Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$373,371.11** in the form of a check payable to petitioner as legal representative of decedent's estate.  This amount represents compensation for all damages that are available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of Wisconsin.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as personal representative of the estate of decedent, on her own behalf and on behalf of the estate and decedent's heirs, executors, administrators, successors, or assigns, (a) does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or hereafter could

3

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300 aa-10 et seq., (i) on account of, or in any way growing

out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

decedent resulting from, or that may be alleged to have resulted from, the vaccinations

administered on or about October 9 and October 27, 2021, and (ii) that petitioner, in her

individual capacity and as personal representative of the estate of decedent, has had, now has, or

hereafter may have with respect to the injury that gave rise to the petition for vaccine

compensation filed on or about May 5, 2023, in the United States Court of Federal Claims as

petition No. 23-667V; and (b) waives any and all rights to any compensation that may be

available under the Countermeasures Injury Compensation Program (CICP), 42 U.S.C. § 247d-

6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered

countermeasure, including the COVID-19 vaccination administered on October 27, 2021, on its

own or in combination with the flu vaccination administered on October 9, 2021, caused or

seriously aggravated the injuries that were the subject of the petition for vaccine compensation

filed on or about May 5, 2023, in the United States Court of Federal Claims as petition No. 23-

667V, including GBS and death, for which petitioner will receive compensation pursuant to this

Stipulation.  If petitioner has such a claim currently pending with the CICP, petitioner hereby

withdraws such claim for compensation in the CICP.[2]  If no claim for compensation has been

filed in the CICP as of the date this Stipulation is filed, petitioner waives the right to file a claim

as described in this paragraph for compensation in the CICP.

---

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation,
petitioner agrees that respondent will send this Stipulation to the CICP as evidence of petitioner's
withdrawal of their CICP claim and waiver of any potential compensation under the CICP.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's GBS or any other injury or his death; however, decedent's injury and death satisfied the Table criteria to establish petitioner's entitlement to compensation.

17. All rights and obligations of petitioner hereunder in her capacity as the personal representative of the estate of decedent shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

CARISSA PHOTOPOULOS

**ATTORNEY OF RECORD FOR PETITIONER:**

LEIGH FINFER
Muller Brazil, LLP
715 Twining Road
Ste 208
Dresher, PA 19025
Tel: (484) 889-1080
Email: leigh@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S    Digitally signed by Jeffrey S. Beach -S    Date: 2024.06.14 10:52:26 -04'00'    for

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

MARY NOVAKOVIC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-2879
Email: Mary.E.Novakovic@usdoj.gov

Dated: June 28, 2024